```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION

EVELYN Y. PEREZ,

          Plaintiff,
v.                               Case No. 8:12-cv-2751-T-33EAJ

MEDIGLEZ WELLNESS CENTER, INC.,
and JULIO GONZALEZ,

          Defendants.
_____/
```

## ORDER

This matter comes before the Court *sua sponte*. On March 4, 2013, the Honorable Elizabeth A. Jenkins, United States Magistrate Judge, entered an Order (Doc. # 15) granting the Unopposed Motion to Withdraw as Counsel of Record for Defendants (Doc. # 14) filed by Rachel M. LaMontagne, Esq. Accordingly, Defendants Mediglez Wellness Center, Inc. and Julio Gonzalez are no longer represented by counsel. For the reasons that follow, Mediglez Wellness Center has until and including May 3, 2013, to file a notice of appearance of new counsel. If Mediglez Wellness Center fails to so file, this Court will entertain an appropriate motion to strike Mediglez Wellness Center's responsive pleadings. Additionally, if Gonzalez, as an individual, intends to proceed in this action *pro se*, he is

directed to notify the Court of his intent to do so or to file a notice of appearance of new counsel on or before May 3, 2013.

**Discussion**

On October 31, 2012, Plaintiff Evelyn Y. Perez filed a Complaint in state court against Mediglez Wellness Center and Gonzalez. (Doc. # 2). The case was removed to this Court on December 6, 2012. (Doc. # 1). On January 2, 2013, the Court entered an Order stating:

> Upon review of the file, the Court finds that, Jose A. Dapena, Esq. is not currently admitted to practice in the Middle District of Florida. Therefore, it is ORDERED that within fourteen (14) days of the date of this Order, Attorney Dapena shall show cause, in writing, why his appearances should not be stricken. Failure to respond to this order will result in counsel's appearance being stricken from the record without further notice from the Court. Additionally, the Clerk is directed to stop sending paper copies to the above attorney after sending this Order. Show Cause Response due by 1/16/2013.

(Doc. # 8). Mr. Dapena failed to respond to the Order to Show Cause and, accordingly, he was terminated as counsel on February 1, 2013. On February 26, 2013, remaining counsel for Defendants, Rachel LaMontagne, Esq., filed an Unopposed Motion to Withdraw as Counsel. (Doc. # 14). Judge Jenkins granted the motion on March 4, 2013, advised Mediglez Wellness Center that "because it is a corporation,

2

it cannot represent itself in this case," and instructed Mediglez Wellness Center to "retain new counsel who shall file a notice of appearance on or before March 25, 2013." (Doc. # 15 at 2). Judge Jenkins further stated, "Failure to obtain new counsel may result in entry of a default." (Id.). No notice of appearance of new counsel has been filed.

Pursuant to Middle District of Florida Local Rule 2.03(e), "A corporation may appear and be heard only through counsel admitted to practice in the Court." Further, a long line of cases maintains that corporations may not appear *pro se* in this Court. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel."); Textron Fin. Corp. v. RV Having Fun Yet, Inc., No. 3:09-cv-2-J-34TEM, 2010 WL 1038503, at *6 (M.D. Fla. Mar. 19, 2010) ("A corporation's financial constraints do not excuse the requirement that it have legal representation in Court proceedings."); United States v. Hagerman, 545 F.3d 579, 581-82 (7th Cir. 2008) ("*Pro se* litigation is a burden on the judiciary, and the burden is not to be borne when the

litigant has chosen to do business in entity form. He must take the burdens with the benefits.") (internal citations omitted).

Notwithstanding the cases cited above, the Court acknowledges that the parties are, of course, always free to resolve their dispute without legal representation through alternative means outside the Court's province. However, if Mediglez Wellness Center intends to continue to litigate in this Court, it must have legal representation. In the interests of fairness, the Court will allow Mediglez Wellness Center until and including May 3, 2013, to hire an attorney. However, if a Notice of Appearance of Counsel is not filed on behalf of Mediglez Wellness Center on or before May 3, 2013, Mediglez Wellness Center's responsive pleadings will be subject to being stricken upon the filing of an appropriate motion. Thereafter, Mediglez Wellness Center will be poised for the entry of default against it.

As an individual, Defendant Gonzalez has every right to represent himself in this action. 28 U.S.C. § 1654. However, Gonzalez is directed to inform the Court that he intends to proceed in this action *pro se* or to file a notice of appearance of new counsel on or before May 3, 2013. As stated in the Order granting the Motion to

Withdraw, "Defendant Julio Gonzalez is advised that if he proceeds *pro se*, he will be subject to the same law and rules of court as a litigant represented by counsel, including the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida. (Doc. # 15 at 2). See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). The Local Rules are available for review on the public website for the Middle District of Florida at www.flmd.uscourts.gov. The Federal Rules of Civil Procedure are available for review at www.law.cornell.edu/rules/frcp.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Mediglez Wellness Center, Inc. has until and including May 3, 2013, to retain new counsel. Absent a notice of appearance of counsel filed on behalf of Mediglez Wellness Center by May 3, 2013, this Court will entertain an appropriate Motion to Strike Mediglez Wellness Center's responsive pleadings. Thereafter, Mediglez Wellness Center will be poised for the Clerk's entry of default against it.

(2) Defendant Julio Gonzalez is instructed to notify the Court that he intends to proceed in this action *pro se*

5

or to file a notice of appearance of counsel on or before May 3, 2013.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>22nd</u> day of April, 2013.

                VIRGINIA M. HERNANDEZ COVINGTON
                UNITED STATES DISTRICT JUDGE

Copies:   All Counsel of Record
         Mediglez Wellness Center, Inc.
         Mr. Julio Gonzalez