UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVELIN Y. PEREZ,

        Plaintiff,
v.                                Case No. 8:12-cv-2751-T-33EAJ

MEDIGLEZ WELLNESS CENTER, INC.,
and JULIO GONZALEZ,

        Defendants.
_____/

**ORDER**

This matter comes before the Court *sua sponte*. Defendant Julio Gonzalez has failed to comply with the Court's FLSA Scheduling Order (Doc. # 9) and the Court's Order directing compliance with the FLSA Scheduling Order (Doc. # 13). Gonzalez has also failed to respond to this Court's direction to notify the Court whether he intends to obtain legal counsel or to defend against this action pro se. Accordingly, the Court directs Gonzalez to comply with the FLSA Scheduling Order on or before July 31, 2013. Gonzalez is further directed to notify the Court, on or before July 31, 2013, regarding his intent to proceed in this action.

**Discussion**

On January 2, 2013, this Court entered its FLSA Scheduling Order. (Doc. # 9). Plaintiff complied with the Order by filing her Answers to the Court's Interrogatories on January 31, 2013. (Doc. # 12). However, Defendants Mediglez Wellness Center and Julio Gonzalez failed to comply with the Order's requirement that "[n]o later than fifteen (15) days after Plaintiff(s) file(s) Answers to the Court's Interrogatories, Defendant(s) shall serve on Plaintiff(s) and file with the Court a Verified Summary of all hours worked by Plaintiff(s) during each relevant pay period, the rate of pay and wages paid, including overtime pay, if any." (Doc. # 9 at ¶ 2).

Accordingly, on February 21, 2013, the Court directed Defendants "to serve Plaintiff and file with the Court their Verified Summary on or before February 28, 2013 . . . ." (Doc. # 13 at 1). Additionally, the Court stated, "In the event that Defendants have also failed to serve on Plaintiff . . . 'a copy of all time sheets and payroll records that support or relate to the time periods in the Verified Summary' as required by the FLSA Scheduling Order . . ., Defendants are directed to serve on Plaintiff, on or before February 28, 2013, a copy of all such time sheets

and payroll records." (Id. at 2). Neither Defendant complied with the Court's Order.

On March 4, 2013, the Honorable Elizabeth A. Jenkins, United States Magistrate Judge, entered an Order (Doc. # 15) granting the Unopposed Motion to Withdraw as Counsel of Record for Defendants (Doc. # 14) filed by Rachel M. LaMontagne, Esq. on February 26, 2013. Accordingly, Defendants have been unrepresented since that time.

On April 22, 2013, the Court entered an Order, stating, "Gonzalez is directed to inform the Court that he intends to proceed in this action pro se or to file a notice of appearance of new counsel on or before May 3, 2013."[1] (Doc. # 16 at 4). Gonzalez failed to respond to the Court's Order, and on May 6, 2013, Plaintiff moved the Court to enter default judgment against both Defendants. (Doc. # 17). The Court denied the motion, stating:

> Defendant Mediglez Wellness Center's responsive pleadings have not been stricken from the record and, therefore, a Motion for Default Judgment against Mediglez Wellness Center is inappropriate at this time. Furthermore, while the Court

---
[1] In the same Order, the Court also reminded corporate Defendant Mediglez Wellness Center that, pursuant to Middle District of Florida Local Rule 2.03(e), a corporation may appear and be heard only through counsel admitted to practice in the Court. (Doc. # 16 at 4). As such, the Court provided Mediglez Wellness a final opportunity to retain counsel. (Id. at 5).

3

> certainly does not condone Defendant Julio Gonzalez's failure to respond as the Court instructed, the Court declines to take the drastic measure of entering default against him because of this single incident. Additionally, Gonzalez, as an individual, has every right to represent himself in this action. As such, the Court will not strike his pleadings or enter default against him merely because he is no longer represented by counsel.

(Doc. # 18). The Court subsequently granted Plaintiff's motion to strike Mediglez Wellness' pleadings (Doc. # 23), and the Clerk entered default against Mediglez Wellness on July 12, 2013 (Doc # 25).

As of the date of this Order, Gonzalez has neither complied with the terms of the FLSA Scheduling Order nor notified the Court whether he intends to proceed in this action pro se. While Gonzalez, as an individual, is certainly entitled to represent himself in this case, see 28 U.S.C. § 1654, pro se litigants are subject to the same law and rules of court as litigants represented by counsel. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). As such, Gonzalez's continued failure to comply with the Court's FLSA Scheduling Order (Doc. # 9) and with the Court's Order directing compliance (Doc. # 13) is unacceptable. Pursuant to Federal Rule of Civil Procedure 37, the Court may sanction a party for failure to obey

4

orders such as the Court's FLSA Scheduling Order, and the sanctions may include actions such as striking pleadings or rendering a default judgment against the disobedient party. See Fed. R. Civ. P. 37(b)(2).

The Court will afford Gonzalez a final opportunity to comply with this Court's Orders. As such, the Court directs Gonzalez to serve on Plaintiff and file with the Court, on or before July 31, 2013, a Verified Summary of all hours worked by Plaintiff during each relevant pay period, the rate of pay, and the wages paid, including overtime pay, if any. Furthermore, Gonzalez is directed to notify the Court, on or before July 31, 2013, as to whether he intends to defend against this action pro se. If Gonzalez fails to timely respond to this Court's Order, the Court will impose sanctions on Gonzalez, including striking his pleadings, leaving him open to default judgment.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Julio Gonzalez is **DIRECTED** to serve on Plaintiff and file with the Court, on or before July 31, 2013, a Verified Summary of all hours worked by Plaintiff during each relevant pay period, the rate of

pay, and the wages paid, including overtime pay, if any.

(2) Defendant Julio Gonzalez is **DIRECTED** to notify the Court, on or before July 31, 2013, as to whether he intends to defend against this action pro se.

(3) Failure to timely respond to this Court's Order will result in the imposition of sanctions.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>18th</u> day of July, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies:   All Counsel of Record
          Mediglez Wellness Center, Inc.
          Mr. Julio Gonzalez