UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVELIN Y. PEREZ,

    Plaintiff,
v.                                    Case No. 8:12-cv-2751-T-33EAJ

MEDIGLEZ WELLNESS CENTER, INC.,
and JULIO GONZALEZ,

    Defendants.
_____/

**ORDER**

    This matter comes before the Court *sua sponte*. Defendant Julio Gonzalez has failed to comply with the Court's FLSA Scheduling Order (Doc. # 9) and this Court's Orders directing compliance with the FLSA Scheduling Order. (Doc. # 13). Gonzalez has also failed to notify the Court, as instructed, regarding his intention to proceed in this action pro se. (Doc. ## 16, 26). Accordingly, this Court finds it appropriate to sanction Gonzalez by striking his pleadings.

**Discussion**

    On January 2, 2013, this Court entered its FLSA Scheduling Order. (Doc. # 9). Plaintiff complied with the Order by filing her Answers to the Court's Interrogatories on January 31, 2013. (Doc. # 12). However, Defendants

Mediglez Wellness Center and Julio Gonzalez failed to comply with the Order's requirement to "serve on Plaintiff(s) and file with the Court a Verified Summary of all hours worked by Plaintiff(s) during each relevant pay period, the rate of pay and wages paid, including overtime pay, if any." (Doc. # 9 at ¶ 2). Accordingly, on February 21, 2013, the Court directed Defendants to comply with the FLSA Scheduling Order. (Doc. # 13). Neither Defendant did so.

On March 4, 2013, the Honorable Elizabeth A. Jenkins, United States Magistrate Judge, entered an Order (Doc. # 15) granting the Unopposed Motion to Withdraw as Counsel of Record for Defendants (Doc. # 14) filed by Rachel M. LaMontagne, Esq. on February 26, 2013. Accordingly, Defendants have been unrepresented since that time.

On April 22, 2013, the Court entered an Order stating, "Gonzalez is directed to inform the Court that he intends to proceed in this action pro se or to file a notice of appearance of new counsel on or before May 3, 2013." [1] (Doc.

---

[1] In the same Order, the Court also reminded corporate Defendant Mediglez Wellness Center that, pursuant to Middle District of Florida Local Rule 2.03(e), a corporation may appear and be heard only through counsel admitted to practice in the Court. (Doc. # 16 at 4). As such, the Court

2

# 16 at 4). Gonzalez failed to respond to the Court's Order, and on May 6, 2013, Plaintiff moved the Court to enter default judgment against both Defendants. (Doc. # 17). The Court denied the motion, recognizing Gonzalez's "failure to respond as the Court instructed," but declining to "take the drastic measure of entering default against him because of this single incident." (Doc. # 18). The Court subsequently granted Plaintiff's motion to strike Mediglez Wellness' pleadings (Doc. # 23), and the Clerk entered default against Mediglez Wellness on July 12, 2013 (Doc. # 25).

On July 18, 2013, the Court entered yet another Order directing Gonzalez to comply with the terms of the FLSA Scheduling Order and stating:

> Gonzalez is directed to notify the Court, on or before July 31, 2013, as to whether he intends to defend against this action pro se. If Gonzalez fails to timely respond to this Court's Order, the Court will impose sanctions on Gonzalez, including striking his pleadings, leaving him open to default judgment.

(Doc. # 26 at 5). Again, Gonzalez failed to respond to the Court's Order.

---

provided Mediglez Wellness a final opportunity to retain counsel. (Id. at 5).

A district court may strike pleadings and direct the Clerk to enter default against defendants who have made an appearance for failure to obey orders such as the Court's FLSA Scheduling Order or for the abandonment of defenses. Fed. R. Civ. P. 37(b)(2)(A)(vi); Fed. R. Civ. P. 55(a); Pickett v. Exec. Preference Corp., No. 6:05-cv-1128, 2006 WL 2947844 (M.D. Fla. Oct. 16, 2006) (striking defendant's pleadings for abandoning its defense and directing clerk to enter default against defendant).

The Court has warned Gonzalez on multiple occasions that his continued failure to comply with the FLSA Scheduling Order and his failure to respond to the Court's instructions could result in sanctions, including striking his pleadings. In light of Gonzalez's continued non-compliance, the Court finds it appropriate to strike Gonzalez's Answer and Affirmative Defenses. (Doc. # 7). Plaintiff Evelin Y. Perez may file a motion for the Clerk's entry of default against Gonzalez. After default is entered by the Clerk, Perez may move the Court for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

4

Defendant Julio Gonzalez's Answer and Affirmative Defenses (Doc. # 7) are hereby **STRICKEN**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 12th day of August, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Counsel of Record
          Mediglez Wellness Center, Inc.
          Mr. Julio Gonzalez