```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                      TAMPA DIVISION
```

EVELIN Y. PEREZ,

       Plaintiff,
v.                            Case No. 8:12-cv-2751-T-33EAJ

MEDIGLEZ WELLNESS CENTER, INC.,
and JULIO GONZALEZ,

       Defendants.
_____/

**ORDER**

Now before the Court is Plaintiff Evelin Y. Perez's Motion for Default Judgment (Doc. # 30), filed September 4, 2013. Defendants Mediglez Wellness Center, Inc. and Julio Gonzalez failed to respond to the Motion, and the time to file such responses has now passed. As such, the Court considers the Motion unopposed. After due consideration and for the reasons that follow, the Court grants the Motion for Default Judgment against both Defendants.

**I.   Background**

On October 31, 2012, Perez filed a Complaint in state court against Mediglez Wellness and Gonzalez. (Doc. # 2). The case was removed to this Court on December 6, 2012. (Doc. # 1). On January 2, 2013, the Court entered an Order noting that one of the attorneys for Defendants, Jose A.

Dapena, Esq., was not admitted to practice in the Middle District of Florida and directing Mr. Dapena to show cause why his appearances should not be stricken. (Doc. # 8). Mr. Dapena failed to respond to the Order to Show Cause and, accordingly, he was terminated as counsel on February 1, 2013.

Also on January 2, 2013, this Court entered an FLSA Scheduling Order. (Doc. # 9). Perez complied with the Order by filing her Answers to the Court's Interrogatories on January 31, 2013. (Doc. # 12). However, Mediglez Wellness and Gonzalez failed to comply with the Order's requirement to "serve on Plaintiff(s) and file with the Court a Verified Summary of all hours worked by Plaintiff(s) during each relevant pay period, the rate of pay and wages paid, including overtime pay, if any." (Doc. # 9 at ¶ 2). On February 21, 2013, the Court directed Defendants to comply with the FLSA Scheduling Order. (Doc. # 13). Neither Defendant did so.

On February 26, 2013, remaining counsel for Defendants, Rachel LaMontagne, Esq., filed an Unopposed Motion to Withdraw as Counsel. (Doc. # 14). United States Magistrate Judge Elizabeth A. Jenkins granted the motion on March 4, 2013, advised Mediglez Wellness that "because it

2

is a corporation, it cannot represent itself in this case," and instructed Mediglez Wellness to "retain new counsel who shall file a notice of appearance on or before March 25, 2013." (Doc. # 15 at 2). Judge Jenkins further stated, "Failure to obtain new counsel may result in entry of a default." (Id.).

On April 22, 2013, after Mediglez Wellness failed to timely file a notice of appearance, the Court afforded Mediglez Wellness a final opportunity to retain counsel. (Doc. # 16). The Court stated, "Absent a notice of appearance of counsel filed on behalf of Mediglez Wellness Center by May 3, 2013, this Court will entertain an appropriate Motion to Strike Mediglez Wellness Center's responsive pleadings. Thereafter, Mediglez Wellness Center will be poised for the Clerk's entry of default against it." (Id. at 5). Again, Mediglez Wellness failed to file a notice of appearance of new counsel. Perez moved the Court to strike Mediglez Wellness' pleadings (Doc. # 22), and on July 2, 2013, the Court granted the Motion (Doc. # 23). Perez subsequently moved for Clerk's Entry of Default (Doc. # 24) as to Mediglez Wellness, and the Clerk entered default on July 12, 2013 (Doc. # 25).

In its April 22, 2013, Order affording Mediglez Wellness a final opportunity to retain counsel, the Court also directed Gonzalez "to inform the Court that he intends to proceed in this action pro se or to file a notice of appearance of new counsel on or before May 3, 2013." (Doc. # 16 at 4). Gonzalez failed to respond to the Court's Order. On July 18, 2013, the Court entered another Order directing Gonzalez to comply with the terms of the FLSA Scheduling Order and stating:

> Gonzalez is directed to notify the Court, on or before July 31, 2013, as to whether he intends to defend against this action pro se. If Gonzalez fails to timely respond to this Court's Order, the Court will impose sanctions on Gonzalez, including striking his pleadings, leaving him open to default judgment.

(Doc. # 26 at 5). Again, Gonzalez failed to respond to the Court's Order. Accordingly, on August 12, 2013, the Court struck Gonzalez's Answer and Affirmative Defenses. (Doc. # 27). The Clerk entered default against Gonzalez on August 14, 2013. (Doc. # 29).

Perez filed the instant Motion for Default Judgment as to both Defendants on September 4, 2013. (Doc. # 30). Mediglez Wellness and Gonzalez failed to timely respond to the Motion.

## II.  **Legal Standard**

Pursuant to Federal Rule of Civil Procedure 55(b)(2), following the entry of a Clerk's default and upon motion by the plaintiff, the Court may enter a default judgment against a defaulting party. Fed. R. Civ. P. 55(b)(2); see also DirecTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1343 (M.D. Fla. 2003). The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment, as a Clerk's default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a defaulted defendant is only deemed to admit the plaintiff's well-pled allegations of fact. Id.

Therefore, before entering a default judgment for damages, a court must ensure that the well-pled allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought. Id. A default judgment has the effect of establishing as fact the

plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

### III. Analysis

#### A. Joint and Several Liability

"The FLSA creates a private right of action against any 'employer' who violates its minimum-wage or overtime provisions." Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1309 (11th Cir. 2013) (citing 29 U.S.C. § 216(b)). The FLSA defines "'employer' broadly to include both the employer for whom the employee directly works as well as any person acting directly or indirectly in the interests of an employer in relation to an employee." Id. (internal quotations omitted); 29 U.S.C. § 203(d). "[A]n 'employer' must be involved in 'day-to-day operation or have some direct responsibility for the supervision of the employee.'" Santos v. Cuba Tropical, Inc., 829 F. Supp. 2d 1304, 1308 (S.D. Fla. 2011) (quoting Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1160 (11th Cir. 2008)).

Perez states that Mediglez Wellness "was [an] 'employer' within the meaning of the FLSA" and that Perez "was employed by . . . Mediglez" Wellness. (Doc. # 2 at ¶¶ 11, 15). Perez also states that Gonzalez "acted as the

6

employee's supervisor in the interest of the employer" (Id. at ¶ 5) and that "Plaintiff was an 'employee' of Defendants within the meaning of the FLSA" (Id. at ¶ 10). By failing to answer the Complaint, Mediglez Wellness and Gonzalez admit to these allegations. Accordingly, Gonzalez is jointly and severally liable with Mediglez Wellness for any unpaid minimum wages and overtime compensation due under the FLSA. See Wallace v. The Kiwi Grp., Inc., 247 F.R.D. 679, 682 (M.D. Fla. 2008).

### B. FLSA Violations

#### 1. Unpaid Overtime and Minimum Wages

In Count I of the Complaint, Perez states a claim for "FLSA Overtime Violations." (Doc. # 2 at 3). "The FLSA requires employers to pay overtime compensation to employees who work more than 40 hours per regular work week." Friedman v. S. Fla. Psychiatric Assocs., Inc., 139 F. App'x 183, 185 (11th Cir. 2005); see 29 U.S.C. § 207(a). Perez alleges that she was employed by Mediglez Wellness and Gonzalez within the meaning of the FLSA as a non-exempt employee, and that she "regularly worked in excess of 40 hours per week" but "was not compensated for those hours." (Doc. # 2 at ¶¶ 10, 15, 18).

In Count III of the Complaint, Perez states a claim for "FLSA Minimum Wage Violation[s]." (Id. at 4). The FLSA requires employers engaged in commerce to pay a minimum wage of $7.25 per hour to their employees. 29 U.S.C. § 206(a). Perez alleges that Mediglez Wellness is an "enterprise engaged in the 'providing of services for commerce' within the meaning of the FLSA," and that "during the statutory period herein, Defendants did not pay Plaintiff the minimum wage as required by the FLSA." (Doc. # 2 at ¶¶ 13, 28).

By reason of their default, Mediglez Wellness and Gonzalez admit that they employed Perez (Id. at ¶ 10), that they were employers who were required to comply with the FLSA (Id. at ¶¶ 9, 11), that they failed to pay overtime compensation as required by the FLSA (Id. at ¶ 21), and that they failed to pay minimum wage as required by the FLSA (Id. at ¶ 28). See Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005); Swisher v. The Finishing Line, Inc., No. 6:07-cv-1542-ORL-28UAM, 2008 WL 4330318, at *2 (M.D. Fla. Sept. 22, 2008). Accordingly, Mediglez Wellness and Gonzalez are liable to Perez for the overtime compensation and unpaid minimum wages owed to Perez for her work. Id.

8

### 2. Liquidated Damages

Additionally, by statute, "Any employer who violates the provisions of [the FLSA] shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b); see Davila v. Menendez, No. 12-11049, 2013 WL 2460199, at *6 (11th Cir. June 10, 2013) ("An employee ordinarily is entitled to liquidated damages if her employer violated the minimum wage laws.").

Perez alleges that "Defendants' violation of the Fair Labor Standards Act is willful and shows a reckless disregard for the requirements of the law." (Doc. # 2 at ¶ 19). Mediglez Wellness and Gonzalez have, by their default, admitted that their conduct was willful and they have not claimed that their conduct was subject to the good-faith defense to liquidated damages established in 29 U.S.C. § 260. Accordingly, Mediglez Wellness and Gonzalez are liable to Perez for liquidated damages equal to the amount owed by them to Perez for overtime compensation and unpaid minimum wages.

### C. Unpaid Wages

Count II of Perez's Complaint purports to state a claim for "Unpaid Wages." (Doc. # 2 at 3). Perez cites to Florida Statutes § 448.08 as the basis to recover attorney's fees under Count II (Id. at 4), but § 448.08 does not create a cause of action for unpaid wages; it relates only to the award of attorney's fees for prevailing parties in an action for unpaid wages brought pursuant to some other law. See, e.g., Fla. Stat. § 448.08 ("The court may award to the prevailing party in an action for unpaid wages costs of the action and a reasonable attorney's fee.").

However, federal courts have interpreted counts alleged for "unpaid wages" but citing only to Fla. Stat. § 448.08 as claims "for unpaid wages . . . under Florida common law." Baker v. Fid. Mortgage Direct Corp., No. 8:10-cv-2596-T-24, 2011 WL 1560665, at *2 n.4 (M.D. Fla. Apr. 25, 2011) (citing Short v. Bryn Alan Studios, Inc., 2008 WL 2222319, at *3 (M.D. Fla. May 28, 2008); Edwards v. Niles Sales & Service, Inc., 439 F. Supp. 2d 1202, 1208 n.6 (S.D. Fla. June 27, 2006)). As such, the Court interprets Count II as a claim for unpaid wages under Florida common law. In the absence of opposition, and for the reasons Perez is entitled to unpaid wages under the FLSA, the Court finds

10

that Perez is entitled to relief for unpaid wages under Florida common law.

**D.     <u>Damages</u>**

Rule 55(b)(2) allows a court to conduct a hearing if one is required in order to determine the amount of damages. Fed. R. Civ. P. 55(b)(2). However, "there is no requirement that a hearing be conducted in all default judgment proceedings to fix the appropriate level of damages." <u>Virgin Records Am., Inc. v. Lacey</u>, 510 F. Supp. 2d 588, 593 (S.D. Ala. 2007) (citing <u>S.E.C. v. Smyth</u>, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005)). "Where the amount of damages sought is a sum certain, or where an adequate record has been made via affidavits and documentary evidence to show statutory damages, no evidentiary hearing is required." <u>Id.</u>; <u>see also</u> <u>Swisher</u>, 2008 WL 4330318, at *2 ("A plaintiff may establish the necessary amount of damages by affidavit.").

Accordingly, because the Complaint does not include adequate information for the Court to determine the amount of damages to which Perez is entitled, Perez is directed to file an affidavit, and any other information she deems appropriate, with the Court on or before October 22, 2013. The affidavit should set forth the dates and hours Perez

11

worked for Mediglez Wellness and Gonzalez, as well as the amount she is owed for overtime compensation and unpaid wages.

### E. Attorney's Fees

Additionally, in her Complaint and Motion for Default Judgment, Perez seeks the award of attorney's fees and costs. Perez may file a motion, on or before October 22, 2013, regarding the award of fees and costs.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Plaintiff Evelin Y. Perez's Motion for Default Judgment (Doc. # 30) is **GRANTED**.

(2) Entry of judgment will be reserved until damages and the amount of costs, fees, and interest are determined. Perez is directed to file an affidavit, on or before October 22, 2013, establishing the amount of damages to which Perez is entitled. Perez may also file a motion, on or before October 22, 2013, regarding the award of costs and attorney's fees.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 8th day of October, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:   All Counsel of Record
          Mediglez Wellness Center, Inc.
          Mr. Julio Gonzalez