```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

EVELIN Y. PEREZ,

       Plaintiff,
v.                                    Case No. 8:12-cv-2751-T-33EAJ

MEDIGLEZ WELLNESS CENTER, INC.,
and JULIO GONZALEZ,

       Defendants.
_____/

**ORDER**

Now before the Court is Plaintiff Evelin Y. Perez's Motion for Attorney's Fees and Costs (Doc. # 35), filed November 7, 2013. After due consideration, the Court grants the Motion as modified herein.

**I.  Background**

This FLSA action was removed to this Court on December 6, 2012. (Doc. # 1). In her Complaint, Perez contends Mediglez Wellness and Gonzalez failed to pay overtime and minimum wage for Perez's work at Mediglez Wellness. (Doc. # 2). The Clerk entered default pursuant to Federal Rule of Civil Procedure 55(a) as to Mediglez Wellness on July 12, 2013, and against Gonzalez on August 14, 2013. (Doc. ## 25, 29). On October 8, 2013, the Court granted Perez's Motion for Default Judgment (Doc. # 30) as to both Defendants.

(Doc. # 31). However, in its Order granting default judgment, the Court stated:

> [B]ecause the Complaint does not include adequate information for the Court to determine the amount of damages to which Perez is entitled, Perez is directed to file an affidavit, and any other information she deems appropriate, with the Court on or before October 22, 2013. The affidavit should set forth the dates and hours Perez worked for Mediglez Wellness and Gonzalez, as well as the amount she is owed for overtime compensation and unpaid wages. . . . Additionally, in her Complaint and Motion for Default Judgment, Perez seeks the award of attorney's fees and costs. Perez may file a motion, on or before October 22, 2013, regarding the award of fees and costs.

(Id. at 11-12).

After obtaining an extension of time from the Court (Doc. # 33), Perez filed an affidavit regarding damages (Doc. # 34-1) and a Motion for Attorney's Fees and Costs (Doc. # 35). Upon due consideration, the Court finds that Perez is entitled to $3,774.00 in damages, inclusive of liquidated damages; furthermore, the Court finds it appropriate to approve the costs sought, which amount to $540.00, but to reduce the attorney's fees sought by thirty percent.

## II. Analysis

### A. Damages

A plaintiff may establish the necessary amount of damages by affidavit. Swisher v. The Finishing Line, Inc., No. 6:07-cv-1542-ORL-28UAM, 2008 WL 4330318, at *2 (M.D. Fla. Sept. 22, 2008) (citing Rule 55(b), Fed. R. Civ. P.). In her affidavit, Perez claims that she worked approximately forty-two hours per week for Mediglez Wellness and Gonzalez for sixty-eight weeks, but was never paid overtime. (Doc. # 34-1 at ¶¶ 4, 6, 7). Perez lists her overtime rate of pay as $11.50 per hour, and calculates her unpaid overtime to total $1,564.00. (Id. at ¶ 7). Perez further states that she "was not paid the last check which is estimated to total $323.00, excluding liquidated damages." (Id. at ¶ 8).

Due to her employers' violations of the Fair Labor Standards Act, Perez is further entitled to liquidated damages in the amount of her unpaid minimum wages and unpaid overtime compensation. See 29 U.S.C. § 216(b); Davila v. Menendez, No. 12-11049, 2013 WL 2460199, at *6 (11th Cir. June 10, 2013) ("An employee ordinarily is entitled to liquidated damages if her employer violated the minimum wage laws.").

In light of the sworn statements in Perez's affidavit, the Court finds that the amount of unpaid overtime

compensation, unpaid minimum wages, and liquidated damages equals a total of $3,774.00 ($1,564.00 unpaid overtime compensation + $323.00 unpaid minimum wages + $1,887.00 liquidated damages).

### B. Attorney's Fees and Costs

The Court finds that it is appropriate to award attorney's fees and costs in this FLSA case. See 29 U.S.C. § 216(b). However, the Court also finds that it is appropriate to reduce the requested fees by thirty percent.

In deciding whether attorney's fees are reasonable under any statute, the Court examines the requested fee through the filter of the twelve factors listed in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). See Zegers v. Countrywide Mortg. Ventures, LLC, 569 F. Supp. 2d 1259, 1264 (M.D. Fla. 2008).[1]

> These factors include the time and labor required, the novelty and difficulty of the questions, the skill requisite to perform the legal service properly, the preclusion of other employment by the attorney due to acceptance of the case, the customary fee, whether the fee is fixed or contingent, time limitations imposed by

---

[1] The Zegers court noted that, although "the twelve-factor balancing test used in Johnson to fashion fee awards has been replaced with the lodestar method, the Eleventh Circuit has approved of using the Johnson factors to establish a reasonable rate." Zegers, 569 F. Supp. 2d at 1264 n.4 (citing Loranger v. Stierheim, 10 F.3d 776, 781 n.6 (11th Cir. 1994)).

>the client or the circumstances, the amount involved and the results obtained, the experience, reputation, and ability of the attorneys, the undesirability of the case, the nature and length of the professional relationship with the client, and awards in similar cases.

Id.

The fee applicant bears the burden of establishing entitlement to the hours requested as well as to the hourly rate. Webb v. Bd. of Educ. of Dyer Cnty., 471 U.S. 234, 242 (1985); see also Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-ORL-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007) ("The party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill. Further, fee counsel must supply the court with specific and detailed evidence from which the court can determine the reasonable hourly rate.") (internal quotation omitted).

If the fee-seeking attorney fails to satisfy this burden, the Court "is itself an expert on the question [of attorney fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Norman v. Hous. Auth. of City

of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (citations omitted). This Court is afforded broad discretion in addressing attorney's fees issues. See Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001) ("Ultimately, the computation of a fee award is necessarily an exercise of judgment because there is no precise rule or formula for making these determinations.")(internal citation omitted).

Perez's counsel has filed an affidavit and an itemized fee ledger in support of the attorney's fees sought. (Doc. # 35-1). However, after due consideration of this ledger and the entire file, the Court concludes that the fees sought, $6,077.50, are not justified here. The Court comes to this conclusion because a default judgment was granted in this largely routine FLSA case, no hearings were held, and neither Mediglez Wellness nor Gonzalez have defended in this action since February of 2013.

Furthermore, in determining that an across-the-board fee reduction of thirty percent is necessary, the Court has given great consideration to the following Johnson factors: the time and labor required, the novelty and difficulty of the questions, the preclusion of other employment by the attorney due to the acceptance of the case, and the amount

6

involved and the results obtained. See Johnson, 488 F.2d at 717-19. FLSA cases such as the instant action are rarely complex and, in this Court's opinion, are not labor-intensive. These cases generally require little time in court (in the present case, no court time was required), and it is a rare FLSA case that presents novel or difficult questions for counsel or the Court. In the present case, the amount obtained for Perez -- $1,887.00 representing unpaid overtime compensation and unpaid minimum wages, and $1,887.00 representing liquidated damages – is significantly lower than the amount of fees sought by counsel.

Accordingly, for the reasons explained above, the Court applies an across-the-board reduction of thirty percent to the requested fee of $6,077.50, to yield a total fee award of $4,254.25. See St. Fleur v. City of Ft. Lauderdale, 149 F. App'x 849, 853 (11th Cir. 2005) (per curiam) (approving a thirty percent across-the-board reduction of requested attorney's fees). Additionally, Perez's counsel is entitled to $540.00 in costs.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff Evelin Y. Perez's Motion for Attorney's Fees and Costs (Doc. # 35) is **GRANTED** as modified herein.

(2) The Clerk is **DIRECTED** to enter judgment in favor of Plaintiff Evelin Y. Perez and against Defendants Mediglez Wellness Center, Inc. and Julio Gonzalez, jointly and severally, for the following amounts:

   (a) Damages in the amount of $3,774.00 ($1,564.00 unpaid overtime compensation + $323.00 unpaid minimum wages + $1,887.00 liquidated damages).

   (b) Attorney's fees and costs in the amount of $4,794.25 (attorney's fees of $4,254.25 + costs of $540.00)

(3) The Clerk is **DIRECTED** to close this case upon entry of judgment.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 14th day of November, 2013.

_____<br>
VIRGINIA M. HERNANDEZ COVINGTON<br>
UNITED STATES DISTRICT JUDGE

Copies:   All Counsel of Record
          Mediglez Wellness Center, Inc.
          Mr. Julio Gonzalez